UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| 330 CEDRON TRUST, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-933-XR |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**ORDER**

On this day the Court considered Defendant's Motion for Judgment on the Pleadings. Docket no. 8.  For the following reasons, the Court GRANTS the motion.

**I.     Background**

Plaintiff 330 Cedron Trust ("Cedron") brings this lawsuit against Defendant Citimortgage, Inc. ("Citi") to prevent the foreclosure sale of property located at 330 Cedron Chase, San Antonio, Texas (the "Property").  Cedron filed its petition and application for a temporary restraining order in the 37th Judicial District Court of Bexar County, Texas, on September 30, 2014.  The state court granted the temporary restraining order, blocking the foreclosure sale scheduled for October 7, 2014.  Docket no. 1-3.  Citi removed the case on October 22, 2014, invoking this Court's diversity jurisdiction.[1]  Docket no. 1.

---

[1] *See* Docket No. 1 (Defendant asserting that its citizenship for diversity purposes is in New York and Missouri, Cedron does business in Texas and admitted being "an individual residing in San Antoio, Texas" in previous court filings, demonstrating complete diversity, and attaching evidence showing a property value of $155,150 to satisfy the amount in controversy); *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (explaining that for those cases in which a plaintiff seeks declaratory relief, the value of the property that is the subject of the litigation is the amount in controversy).

Adam and Dustie Closson executed a note in the amount of $160,414.00 to and received a loan (the "Loan") from Citi for the purchase of the Property. Docket no. 8 at ¶¶ 2. In exchange for the Loan, the Clossons[2] granted Citi a Deed of Trust on the Property, which was properly recorded. Docket no. 8-1. The Property is subject to several restrictions and covenants under the Declaration of Protective Covenants, Conditions, and Restrictions (docket no. 8-2) for San Antonio Rustic Oaks Homeowner's Association (the "HOA"). The HOA may assess a lien on the Property for unpaid HOA assessments. *See* docket no. 2-2 at § 4.12.

Apparently, the Clossons defaulted on their HOA payments and the HOA foreclosed its lien. *See* docket no. 1-1 at ¶ 4, 6. Cedron allegedly purchased the HOA's interest in the Property. *See id*. Cedron brought this suit acknowledging Citi intended "to foreclose on a lien which [Citi] alleges secures a financial obligation by a prior mortgagor." *Id*. at ¶ 7. The state court petition asserts a cause of action for Cedron's equitable right of redemption under Texas Common law, and for injunctive relief. *Id*. at ¶ 8, 16.

This is not the first time Cedron has brought suit against Citi to prevent a foreclosure sale of the Property. *See* docket no. 8-3. Cedron filed a petition requesting a temporary restraining order from the 166th Judicial District Court of Bexar County, Texas, on May 6, 2014. The state court also granted that temporary restraining order. Citi removed that case to federal court as well. *See* No. 5:14-cv-00465-DAE. In the prior suit, Cedron claimed that it did not receive notice of the trustee's sale, it was not in default of any obligation, and it "was not given an opportunity to cure any default." Docket no. 8-3 at ¶ 6. Cedron agreed to a stipulation of dismissal with prejudice on July 2, 2014, before Judge Ezra could rule on a pending Rule 12(b)(6) motion to dismiss. *See* docket no. 8-4; *see also* No. 5:14-cv-00465-DAE.

---

[2] The Clossons are not a party to this lawsuit.

Citi moves for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) arguing Cedron's claims are barred under *res judicata*, and, in the alternative, Cedron does not plead sufficient facts to support its equitable redemption claim. Docket no. 8. Cedron has not responded to the motion to dismiss.

## II.     Legal Standard

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (adopting the same standard after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Twombly*, 550 U.S. at 570). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

A court may consider documents incorporated into the complaint by reference when considering a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'")). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Here, Citi attached a note, Deed of Trust, HOA agreement, and other documents to the motion to dismiss and notice of removal. *See* docket no. 8 exs. 1-4. They are referenced in Cedron's petition, provide Citi's authority to foreclose, and are central to Cedron's claims. Further, Citi has attached a valuation of the property, as well as state court documents that are a matter of public record, of which the Court takes judicial notice. The Court, therefore, will consider the documents attached to the notice of removal and motion to dismiss in its analysis.

### III.   Analysis

By its petition, Cedron seeks to assert its equitable right of redemption under Texas common law. Docket no. 1-1 at ¶ 8. A right of redemption is the right to redeem the property subject to foreclosure within a reasonable time of default by paying off the full amount owed on the mortgage. *Scott v. Dorothy B. Schneider Estate Trust*, 783 S.W.2d 26, 28 (Tex. App.—Austin, 1990 no writ); *Machado v. Bank of New York Mellon*, No. SA-12-CV-00840-DAE, 2013

WL 2404147, at *3 (W.D. Tex. May 31, 2013). Prior to foreclosure, a party can assert its right of redemption by suing to enforce the right and properly pleading its basis for asserting the right. *Scott*, 783 S.W.2d at 28 (citing *Willis v. Smith*, 66 Tex. 31, 17 S.W. 247, 248 (1886)).

Citi argues Cedron's claim for equitable right of redemption should be dismissed because: (1) the claim is barred by *res judicata* as the same parties signed an agreed stipulation of dismissal with prejudice regarding the same claims and the same property in May 2014; and, in the alternative, (2) Cedron fails to plead sufficient facts to support a claim for equitable right of redemption. Docket no. 8 at ¶¶ 6-18. The Court agrees in part. Cedron's claims may be barred by *res judicata*, however, the Court dismisses the complaint because Cedron has not pled sufficient facts to support each element of an equitable right of redemption claim.

### A. Equitable Right of Redemption

To properly state a claim for the equitable right of redemption, a plaintiff must show he: (1) has an equitable or legal right to the property; (2) based on that interest in the property, would suffer a loss from foreclosure; and (3) "is 'ready, able or willing to redeem the properties in controversy by paying off the amount of valid and subsisting liens to which the properties [are] subject.'" *Id*. (quoting *Houston v. Shear*, 210 S.W. 976, 981 (Tex. App.—Austin 1919, *writ dism'd*)). "The party wishing to redeem must also be willing to pay amounts expended by the mortgagee in association with the default." *Id*. Parties other than the original mortgagor can have rights of redemption. *Id*. However, a party waives its right to redemption if it has not "paid any amount to satisfy the first lien." *Elbar Investments, Inc. v. Wilkinson*, No. 14-99-00297-CV, 2003 WL 22176624, at *4 (Tex. App.—Houston 14th Dist. 2003, pet. denied).

Cedron offers no facts in its complaint that demonstrate it is willing "ready, willing, and able" to pay off the amount of the existing liens to which the Property is subject,  nor does it

plead any facts to show it is willing to pay amounts expended by Citi in association with the default and foreclosure. Instead, Cedron simply recites the elements in a conclusory manner; stating that it is "able, willing and ready to satisfy the valid liens," with no further explanation or detail. Docket no. 1-1 at ¶ 10. Cedron offers no facts about the value of such lien, how it would pay, its own net worth or assets, etc. The conclusory statement that merely recites an element of the cause of action is not enough to raise the right to relief above a purely speculative level. *See Twombly*, 550 U.S. at 555 (2007). Cedron's complaint also fails because it does not allege facts about previously paying, attempting to pay, or doing anything to maintain its interest in the property. *See Elbar Investments, Inc.*, No. 2003 WL 22176624, at *4. Therefore, Cedron's assertion of its equitable right of redemption cannot survive this Rule 12(c) motion to dismiss.

### B. *Res Judicata*

The doctrine of *res judicata* bars the relitigation of claims already decided by a court with proper jurisdiction in a prior proceeding. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "According to the doctrine of collateral estoppel, or issue preclusion, 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194, 25 L.Ed.2d 469 (1970)).

The Fifth Circuit has held that *res judicata* and collateral estoppel should be pled as affirmative defenses; not brought in a Rule 12(b)(6) motion to dismiss. *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008); *Test Masters*, 428 F.3d at 570, n. 2. Because the two cases here involve the same parties, and the stipulation of dismissal was signed and entered in the United

States District Court for the Western District of Texas exercising proper diversity jurisdiction, it appears this suit and its claims would be barred by *res judicata*.

Though the Fifth Circuit's dicta in *res judicata* cases indicates it may not find reversible error when a district court grants a Rule 12 motion to dismiss on *res judicata* and collateral estoppel grounds, in an abundance of caution, the Court does not reach Citi's *res judicata* argument because it is brought in a Rule 12(c) motion as opposed to a motion for summary judgment.[3]

### C. Injunctive Relief

Cedron also pled a cause of action for "injunctive relief" to enjoin Citi from "prosecuting any continuance of a foreclosure sale on the [Property]." Docket no. 1-1 at ¶ 16. Under Texas law, injunctive relief is an equitable remedy, not an independent cause of action. *See, e.g.*, *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H–12–2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013). A court must dismiss claims for equitable relief where no underlying cause of action from the complaint survives. *See, e.g.*, *Cook v. Wells Fargo Bank, N.A.*, Civ. A. No. 3:10–CV–0592–D, 2010 WL 2772445, *4 (E.D. Tex. Mar. 24, 2011) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action."). The Court dismissed all other causes of action in Cedron's complaint above. The Court therefore must also dismiss Cedron's claim for injunctive relief because it is not an independent cause of action that can stand on its own and the other claim in the complaint was dismissed. *See Lindsey v. Ocwen Loan Servicing, LLC*, 3:10-CV-967-L, 2011 WL 2550833, *6 (N.D. Tex. June 27, 2011).

---

[3] Ordinarily the Court might *sua sponte* convert this motion to dismiss to a motion for summary judgment and permit the parties the opportunity to submit summary judgment evidence on the *res judicata* issue, but that step is unnecessary because the Court has already dismissed Cedron's complaint on other grounds.

## IV.     Conclusion

For all of these reasons, Defendant's motion to dismiss (docket no. 8) is GRANTED. Plaintiff's claims are DISMISSED. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 8th day of April, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE